```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
    TOM'S LANDSCAPING
    CONTRACTORS, LLC,                 1:18-cv-13280-NLH-KMW

            Plaintiff,                OPINION

        v.

    ERNEST BOCK & SONS, INC.,

            Defendant.
```

**APPEARANCES:**

ROBERT J. INCOLLINGO
1010 KINGS HIGHWAY SOUTH
BUILDING ONE - 1ST FLOOR
CHERRY HILL, NJ 08034
    On behalf of Plaintiff

JOHN F. PALLADINO
COLIN GEOFFREY BELL
HANKIN SANDMAN & PALLADINO, P.C.
30 SOUTH NEW YORK AVENUE
ATLANTIC CITY, NJ 08401
    On behalf of Defendant

**HILLMAN**, District Judge

On August 28, 2018, Defendant, Ernest Bock & Sons, Inc., removed Plaintiff's case from New Jersey Superior Court to this Court. Plaintiff claims that Defendant acted as the prime contractor on a middle school construction project and Plaintiff entered into a subcontractor agreement with Defendant to provide landscaping labor, materials, and equipment for the project, but Defendant breached their contract by failing to pay the balance

owed to Plaintiff in the amount of $82,274.83.

The purported basis for subject matter jurisdiction in Defendant's notice of removal was diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a).  Even though the notice of removal did not properly aver the citizenship of the parties, three days later on August 31, 2018, the parties filed a Joint Certification of the Citizenship of the Parties, which correctly provided the citizenship of both parties:  Plaintiff is a citizen of New Jersey because its sole member, Thomas Caucci, is a citizen of New Jersey,[1] and Defendant is a citizen of Pennsylvania because that is where Defendant is incorporated and has its principal place of business.[2]  (Docket No. 6.)  Thus, at the time Defendant

---

[1] The notice of removal provided, "Plaintiff is now, and was at the time the State Court Action was commenced, a New Jersey corporation and thus citizen of the State of New Jersey, having a principal place of business at 5893 Pine Street, Mays Landing, New Jersey 08330."  (Docket No. 1 at 2.)  The citizenship of an LLC is determined by the citizenship of each of its members, not where it has a principal place of business, or under which state's law it is established. See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).  By identifying the sole member of Plaintiff and that member's citizenship, the Joint Certification confirms the citizenship of Plaintiff.

[2] The citizenship of a corporation is its state of incorporation and its principal place of business.  See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); S. Freedman & Co., Inc. v. Raab, 180 F.

2

removed Plaintiff's case, the Court properly exercised subject matter jurisdiction over the action.[3]

On October 15, 2018, Plaintiff filed a "Consent Order Permitting Plaintiff to File Amended Complaint and For Remand of Entire Action to State Court." (Docket No. 11-2.) By consent, the parties seek to add as Defendants First Arch Insurance Company and Fidelity and Deposit Company of Maryland, which entities hold a labor and material payment bond on the project at issue. Because Arch Insurance Company is a citizen of Missouri (its state of incorporation) and New Jersey (where it has its principal place of business), the parties contend

---

App'x 316, 320 (3d Cir. 2006) (explaining that "[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business," and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business"). The notice of removal states "a" principal place of business instead of "its" principal place of business, but the Joint Certification confirms that Defendant is a citizen of Pennsylvania.

[3] The removal statute provides, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand," and "a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted).

that diversity of citizenship is destroyed once Arch Insurance Company is added to the case, and the matter must therefore be remanded. (Docket No. 11-2 at 2.)

The filing of Plaintiff's amended complaint does not defeat subject matter jurisdiction if such jurisdiction existed at the time Defendant removed Plaintiff's original complaint. It has been long and well-established that in determining whether a federal court may exercise jurisdiction based upon diversity of citizenship, the court must look to "the state of things at the time of the action brought." Mollan v. Torrance, 22 U.S. 537, 539 (1824), quoted in Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570 (2004); see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294-95 (1938) ("It uniformly has been held that in a suit properly begun in the federal court the change of citizenship of a party does not oust the jurisdiction. The same rule governs a suit originally brought in a state court and removed to a federal court.").

In Grupo, the Supreme Court drove home the point:

> This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing - whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.

Grupo, 541 U.S. at 570-71. The Court must therefore determine

not whether diversity of citizenship exists by way of Plaintiff's amended complaint, but rather at the time Defendant removed Plaintiff's original complaint.[4]

"Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." Swanson v. Traer, 354 U.S. 91, 99-100 (1957) (quotations and citations omitted). As noted above, complete diversity of citizenship existed between Plaintiff and Defendant when Defendant removed Plaintiff's complaint. Thus, subject matter jurisdiction in this Court was established under § 1332(a) at that time.

One exception to the time-of-removal rule is if an indispensable party was missing from the removed complaint. "[W]hen a nondiverse party is added to a federal proceeding and that party's presence is indispensable to the furnishing of complete relief, remand is mandated where federal subject matter jurisdiction depends on diversity jurisdiction, even though removal was originally proper." Steel Valley Authority v. Union Switch and Signal Div., 809 F.2d 1006, 1010-11 (3d Cir. 1987).

This analysis is governed by Federal Civil Procedure Rule 19. Under that rule, a court must first must determine whether

---

[4] A federal court has jurisdiction to consider its own jurisdiction. Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc., 905 F.2d 42, 45 (3d Cir. 1990).

5

a party should be joined as "necessary" party under Rule 19(a). General Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). If that party should be joined, but its joinder is not feasible because it would defeat diversity of citizenship, a court must next must determine whether the absent party is "indispensable" under Rule 19(b). Id. If that party is determined to be "indispensable," the action cannot go forward in federal court. Id.

The "necessary" party analysis consists of three steps:

1. "Under Rule 19(a)(1) we ask whether complete relief may be accorded to those persons named as parties to the action in the absence of any unjoined parties. As should be apparent, we necessarily limit our Rule 19(a)(1) inquiry to whether the district court can grant complete relief to persons already named as parties to the action; what effect a decision may have on absent parties is immaterial." Id. at 313.

2. "Under Rule 19(a)(2)(i), the court must decide whether determination of the rights of those persons named as parties to the action would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation." Id. at 316.

3. "Under Rule 19(a)(2)(ii), a court must decide whether continuation of the action would expose named parties to the substantial risk of incurring double, multiple, or otherwise

6

inconsistent obligations by reason of the claimed interest."
Id. at 317.

If a party is found to be "necessary," a court moves on to the indispensability analysis, which consists of four factors:

> 1. To what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;
>
> 2. The extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;
>
> 3. Whether a judgment rendered in the person's absence will be adequate;
>
> 4. Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Id. at 319 (explaining that the four factors listed are not exhaustive, but they are the most important considerations in determining whether a party is indispensable).

In applying Rule 19(b), the Third Circuit has held that parties are indispensable if "in the circumstances of the case [they] must be before the court." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 421 (3d Cir. 2010) (quoting Steel Valley Auth., 809 F.2d at 1011) (further explaining that "in other words, indispensable parties are persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and

good conscience" (quoting Shields v. Barrow, 58 U.S. 130, 139 (1854) (other citations and alterations omitted)).

Here, the parties' consent order to file an amended complaint adding a non-diverse party presents the question of whether that party is "necessary" and "indispensable" under Rule 19. Plaintiff's state court complaint contains a certification of counsel, which provides, in relevant part:

> (QUALIFIED) CERTIFICATION PURSUANT TO RULE 4:5-1
>
> I hereby certify that . . . I am not aware of any other parties who should be joined in this action, **except that** an amended complaint against First Arch Insurance Company and Fidelity and Deposit Company of Maryland on their labor and material payment bond will be filed and served upon the expiration of the period prescribed by N.J.S.A. 2A:44-145, unless plaintiff is made whole by the sureties or their principal beforehand.

(Docket No. 1 at 9 (emphasis in original).)[5]

---

[5] N.J.S.A. 2A:44-145 provides, in relevant part:

> Any beneficiary, as defined in N.J.S. 2A:44-143, to whom any money shall be due on account of having performed any labor or furnished any materials, provisions, provender or other supplies, or teams, fuels, oils, implements or machinery in, upon, for or about the construction, erection, alteration or repair of any public building or other public work or improvement, shall, at any time before the expiration of one year from the last date upon which such beneficiary shall have performed actual work or delivered materials to the project, in the case of a material supplier, furnish the sureties on the bond required by this article a statement of the amount due to him.
>
> No action shall be brought against any of the sureties on the bond required by this article until the expiration of 90 days after provision to the sureties and the contractor

8

In their consent order, the parties represent that the labor and material payment bond "has only recently been permitted to be filed and served upon the expiration of the period prescribed by N.J.S.A. 2A:44-145, as disclosed in plaintiff's (Qualified) Certification." (Docket No. 11-2 at 1.) The consent order further states, "the joinder of the sureties and the claim upon the labor and material payment bond is necessary and desir[]able to afford justice to all the parties." (Id. at 2.)

Other than the conclusory statement that the joinder of the non-diverse surety is "necessary," the parties have not articulated why the surety is "necessary" under the Rule 19(a) factors, and how that surety is "indispensable" under the Rule 19(b) such that the Court is required to remand the case to state court. Consequently, because subject matter jurisdiction existed at the time Defendant removed Plaintiff's complaint, and the parties have not provided the Court with a valid basis to remand the action,[6] the Court cannot sign the parties' consent

---

of the statement of the amount due to him, but in no event later than one year from the last date upon which such beneficiary shall have performed actual work or delivered materials to the project.

[6] Cf. D & D Associates, Inc. v. North Plainfield Bd. of Educ., 2008 WL 2277121, at *2 (D.N.J. 2008) (citing General Refractories Co. v. First State Ins. Co., 500 F.3d 306 (3d Cir. 2007); Gateco, Inc. v. Safeco Ins. Co. of Am., 2006 WL 1118047 (E.D. Pa. 2006)) ("The Third Circuit Court of Appeals has

9

order.  See Farren v. FCA US, LLC, 2018 WL 372168, at *3 (D.N.J. 2018) ("[T]wo things are equally true.  This is a court of limited jurisdiction.  It must not exercise its considerable power beyond the scope of its authority as conferred by the Constitution and statute.  However, it is equally so that this Court has an unflagging obligation to maintain its jurisdiction, once conferred.").

The parties are accordingly left with several options.[7] Plaintiff may file a motion for leave to file an amended complaint pursuant to Federal Civil Procedure Rule 15 explaining why it requests the two new defendants to be added, which would implicate the Rule 19 analysis.  Alternatively, Plaintiff may file a motion to remand his current complaint, which would also

---

repeatedly held that simply because a party has a right to contribution or indemnity from a non-party does not render the latter indispensable under Rule 19.  The rule has been specifically applied in the surety context to find that a surety and its principals are not necessary parties to payment claims or bond claims.").

[7] Despite the agreement of the parties, it is defendant's burden to show the existence and continuance of federal jurisdiction, and that "burden continues through judgment if not beyond." Steel Valley Authority, 809 F.2d at 1010 (citations omitted). The Court understands, however, that due to Defendant's unilateral removal of Plaintiff's case, Plaintiff, which indicated in its complaint its intention of adding in the sureties, is now left with the practical burden of (1) maintaining two separate actions in two different forums (the case here and a second case against the sureties), (2) briefing the Rule 19 indispensable party analysis, or (3) having to refile its case all over again in state court.

implicate the Rule 19 analysis.  In either scenario, the parties are directed to specifically the application of Rule 19 to this case in their briefs requesting or opposing any relief.

The parties may, instead, choose to follow Fed. R. Civ. P. 41(a)(1)(A), which provides that after a defendant has filed an answer, a plaintiff may dismiss its action without a court order by filing a stipulation of dismissal signed by all parties, after which time Plaintiff may refile its action in state court.[8]

As the case stands now, the Court properly maintains subject matter jurisdiction and the action shall proceed in its normal course.  An appropriate Order will be entered.


Date:   October 25, 2018                s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.

---

[8] If the voluntary dismissal option poses statute of limitations issues, there are at least two possible remedies, as explained by this Court in a similar case presenting the parties' post-removal efforts to stipulate to remand.  In Farren v. FCA US, LLC, 2018 WL 372168, at *3 n.4 (D.N.J. 2018), the Court explained: "Either a second complaint could be said, as a matter of state law, to relate back to the first complaint tolling the statute of limitations, or state law may allow the parties to agree to waive any statute of limitations defenses in order to accomplish the goal of re-filing and litigating this matter in state court. The Court expresses no view on the legal efficacy of either approach under state law."